# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FLORENCE C. BETTS, | ) |
| | ) |
|    Plaintiff, | ) |
| V. | ) Civ. Action No._____ |
| | ) JURY TRIAL DEMANDED |
| LOUIS DEJOY, POSTMASTER | ) |
| GENERAL, UNITED STATES | ) |
| POSTAL SERVICE, | ) |
| | ) |
|    Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Florence C. Betts, by undersigned counsel, and submits this pleading, stating as follows.

### I.    PRELIMINARY STATEMENT

1. This is an action by a current employee against her employer for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Rehabilitation Act, 29 U.S.C. §§ 701 et seq.

### II.    THE PARTIES

2. Plaintiff is a resident of Georgia and has been employed by Defendant within the Northern District of Georgia's geographic scope since August 2000.

3. Defendant United States Postal Service ("Defendant") is an independent agency of the federal executive branch responsible for providing postal service in the United States, as authorized Article I, Section 8, Clause 7 of

1

the United States Constitution.

4. Defendant is present and doing business in the State of Georgia.

## III. JURISDICTION AND VENUE

5. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 39 U.S.C. § 409; and 28 U.S.C. §§ 1331 & 1343(a).

6. The violations of Plaintiff's rights alleged herein, occurred within the Northern District of Georgia.

7. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

8. Plaintiff submits to the jurisdiction of this Court by filing suit.

## IV. FACTUAL ALLEGATIONS

Rehabilitation Act Accommodation and Retaliation

9. Plaintiff is a 20-year veteran of the United States Postal Service. Plaintiff has a disability within the meaning of the Rehabilitation Act.

10. Plaintiff suffers from herniated disc and lumbar radiculopathy (sciatica) for which she has reached maximum medical improvement.

11. The condition substantially limits the major life activity of standing.

12.     Prior to December 8, 2019, Plaintiff worked with a medical restriction of two hours standing per shift.

13.     This medical restriction was in place since September 2018 as a result of Plaintiff's disability and Plaintiff regularly offered medical documentation from her treating physician documenting the needed restriction (a maximum of 2 hours standing per shift) to accommodate Plaintiff's disability.

14.     Pursuant to a prior EEO Settlement Agreement (executed in October 2018 and still in effect), Defendant had committed to accommodating Plaintiff's medical restrictions.

15.     Plaintiff was accommodated with respect to the two hour standing limitation until December 5, 2019.

16.     Defendant presented an Offer of Modified Assignment ("OMA") to Plaintiff on December 5, 2019 (dated November 29, 2019 ) that required Plaintiff to stand for four hours per shift in violation of medical restrictions placed on Plaintiff on account of her disability.

17.     Plaintiff did not accept the OMA because it did not accommodate her restrictions.

18.     On December 7, 2019, Plaintiff rejected the Offer of Modified Assignment because it required four hours of standing per shift.

19.     Shaun Taylor, Manager of Distribution Operations instructed Plaintiff to leave the building and go home because Plaintiff refused the OMA.

20.     Plaintiff received no pay between December 8th and December 20, 2019 when she was permitted to return on an assignment that included her restrictions.

21.     On December 12, 2019 a second OMA was offered which again did not accommodate Plaintiff's restrictions in regard two hours of standing per shift.

22.     A third OMA sent on December 17, 2019, (backdated to December 12th) accommodated Plaintiff's two-hour restriction and allowed Plaintiff to resume her duties.

Religious Accomodation and Discrimination

23.     Plaintiff's shift ended at 3:30 am prior to July 20, 2019. After July 20th, Complaint's shift ended at 7:00 am.

24.     One day a week, Plaintiff attends religious services (a Pentacostal service offered only once per week) which begin at 9:00 am.

25.     Plaintiff had been frequently late for the beginning of her religious service since the July 20, 2019 alteration of her schedule.

26.     Plaintiff had a two-hour window to return hope, change and prepare for service and to then travel to service.

27. After work, Plaintiff needed to drive home, shower and change, and travel to the Church (a time frame of approximately two and one half hours).

28. Plaintiff requested an accommodation through a change in her shift schedule one day a week to allow her attendance at the Pentacostal religious services.

29. Plaintiff's supervisor and the decision maker, Leon Parker told Plaintiff that if she were a Seventh Day Adventist he would facilitate her request, however, Plaintiff was a Pentacostal believer.

30. Mr. Parker also told Plaintiff that even if she were an Adventist, because the service did not occur during work time, no accommodation was necessary.

31. Plaintiff's was told the only option was to attempt to change her day off, which is not what Plaintiff was seeking to do.

32. Accommodating Plaintiff's request for a shift alteration for religious accommodation would have been de minimus and would not constitute undue hardship.

33. Plaintiff's coworkers were granted schedule changes for religious and non-religious reasons.

34.     Shameka Dollar, a similarly situated coworker was allowed to change her shift schedule to accommodate her Seventh Day Adventist services.

35.     Another co-worker, Genise Williams was permitted a revised schedule to accommodate non-religious obligations.

36.     A third co-worker, Vera Isaac was also permitted a shift schedule change to facilitate her family obligations.

## COUNT I

## FAILURE TO PROVIDE ACCOMMODATION IN VIOLATION OF THE REHABILITATION ACT

37.     Plaintiff restates and re-alleges paragraphs 1 through 22 of the Complaint as if fully set forth herein.

38.     Defendant's decision to refuse the reasonable accommodation requested by Plaintiff and previously granted constitutes a violation of the Rehabilitation Act.

## COUNT II

### RETALIATION IN VIOLATION OF THE REHABILITATION ACT

39.     Plaintiff restates and re-alleges paragraphs 1 through 22 of the Complaint as if fully set forth herein.

40.     Defendant's placement of Plaintiff on unpaid leave because of her assertion of rights protected by the Rehabilitation Act constituted retaliation

prohibited the Rehabilitation Act.

## COUNT III

## FAILURE TO PROVIDE ACCOMMODATION IN VIOLATION OF TITLE VII

41. Plaintiff restates and re-alleges paragraphs 23 through 36 of the Complaint as if fully set forth herein.

42. Defendant's refusal to accommodate Plaintiff's religious service constitutes a violation of Title VII.

## COUNT IV

## DISCRIMINATION IN VIOLATION OF TITLE VII

43. Plaintiff restates and re-alleges paragraphs 23 through 36 of the Complaint as if fully set forth herein.

44. Defendant's stated preference of one religion over another in its decision making constituted direct evidence and constitutes discrimination in violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant and for Plaintiff.

b) That the Court enter judgment against Defendant for Plaintiff's

        expenses of litigation incurred in this matter, including reasonable attorneys' fees;

c)       That the Court award back pay and compensatory damages including pain and suffering;

d)       That the Court grant Plaintiff a trial by jury; and

e)       That the Court grant Plaintiff such other and further relief including mandamus and injunction as necessary to ensure compliance with Title VII and the Rehabilitation Act, as it deems just and proper.

This 11th day of August 2022.

                                                s/JohnDWales_____
**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway SE
Suite 3843
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
Email: johndwales@aol.com